ARTHUR WENTWORTH *vs.* OLIVER H. HINCKLEY.

Penobscot.    Decided May 28, 1877.

*Fraudulent Conveyance.*

In an action under R. S., c. 113, § 51, to recover a penalty for fraudulent transfer, where the kinds and quantity of property are specifically described, and more of it than "double the amount of the creditors' demand" is not exempt from attachment and seizure, it is not necessary to allege, *totidem verbis*, that the property is liable to attachment or seizure on execution.

In describing the offense, where the chapter and section on which the action is based is referred to, it is not necessary to conclude "contrary to the form of the statute."

A form of declaration held sufficient on demurrer.

ON EXCEPTIONS.

CASE under R. S., c. 113, § 51.

The declaration set out the parties and the debt due the plaintiff from one Tyler R. Wasgatt, jr., for $41.87 and the items of property alleged to be fraudulently transferred from Wasgatt to the defendant in a form to which no objection was taken, and concluded as follows:

"All of the value of fifteen hundred dollars, and being so indebted to the plaintiff in the sum aforesaid, said Tyler R. Was-

gatt, jr., did with intent to prevent the attachment of said goods and chattels by the plaintiff, and to secure it from the plaintiff, on said thirty-first day of October, 1873, fraudulently convey the same to the defendant by a bill of sale duly executed and delivered ; and the defendant did knowingly aid said Wasgatt as aforesaid to secure it from the plaintiff, who was then a creditor of said Wasgatt, as defendant then well knew, and then and there fraudulently accepted said transfer from said Wasgatt, and then and there took possession of the property so as aforesaid described, and knowingly aided said Wasgatt in the same, to secure the same from the creditors of said Wasgatt, and prevent its attachment by the plaintiff, whereby the defendant hath by virtue of section 51 of chapter 113 of the revised statutes of this state, forfeited to the plaintiff the sum of three thousand dollars, being double the value of the property he so as aforesaid aided said Wasgatt in fraudulently transferring as aforesaid, to the damage of said plaintiff, (as he says) the sum of two hundred fifty dollars, which shall then and there be made to appear, with other due damages."

A demurrer was filed to the writ and declaration and joined. The presiding justice overruled the demurrer and adjudged the writ and declaration good ; and the defendant alleged exceptions.

*A. Sanborn,* with *S. F. Humphrey* and *F. H. Appleton,* for the defendant, said R.S., c. 113, § 51, was a penal statute and the act sued for was not an offense at common law, and pointed out the following defects in the declaration : That it did not conclude the description of the offense with the words, "contrary to the form of the statute." *Penley* v. *Whitney,* 48 Maine, 351, 352. 1 Chitty's Pl. 373. That it did not declare the property, alleged to be fraudulently transferred, was liable to attachment or to be taken on execution. *Herrick* v. *Osborne,* 39 Maine, 231. That it did not set forth the liability of the defendant in the language of the statute or in the effect and meaning of the statute, R. S., c. 113, § 51.

*T. W. Vose,* for the plaintiff.

Virgin, J. The substantive facts essential to the maintenance

of the action are sufficiently set out in the declaration. True, that the property alleged to have been fraudulently transferred is not declared *in totidem verbis*, to be liable to attachment or seizure on execution. But the kinds and quantity of property are specifically described; and the law applicable to these facts informs us that nearly all, possibly the whole, at any rate much more in value of the property than "double the amount of the creditor's demand" is not exempt from attachment and seizure. The allegation is therefore sufficient. Gould's Pl. c. 111, § 12. Steph. Pl. 9th Am. ed. *312.

The conclusion is also sufficient. It expressly refers to the chapter and section of the statute on which the action is based, although it omits the last clause of the statute. *Penley* v. *Whitney*, 48 Maine, 351, 352.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.